UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ANGEL GABRIEL GARCIA,

Plaintiff,

v.

EXPERIAN, et al.,

Defendants.

CASE NO. C16-0250JLR

ORDER GRANTING MOTIONS TO DISMISS

## I. INTRODUCTION

Before the court are: (1) Defendant Trans Union, LLC's ("Trans Union") motion to dismiss *pro se* Plaintiff Jose Angel Gabriel Garcia's complaint for failure to state a claim (Trans Union Mot. (Dkt. ## 17, 18)), and (2) Defendant Equifax Information Services, LLC's ("Equifax") motion to dismiss Mr. Garcia's complaint for failure to state a claim (Equifax Mot. (Dkt. # 22)). Mr. Garcia has filed a variety of documents in

response to those motions.[1] The court liberally construes Mr. Garcia's various filings following Trans Union's and Equifax's motions as responses to those motions. The court has considered the motions, the submissions of the parties, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS both motions. In addition, the court dismisses Mr. Garcia's complaint without prejudice pursuant to 28 U.S.C. § 1915(e).

## II. BACKGROUND

Mr. Garcia filed a motion for leave to proceed *in forma pauperis* ("IFP") on February 18, 2016. (IFP Mot. (Dkt. # 1).) Magistrate Judge James P. Donohue granted the motion on February 29, 2016 (IFP Order (Dkt. # 2)), and Mr. Garcia's complaint was filed that same day (Compl. (Dkt. # 3)). In his order granting IFP status to Mr. Garcia, Magistrate Judge Donohue recommended review of Mr. Garcia's complaint under 28 U.S.C. § 1915(e)(2)(B). (IFP Order at 1.)

Mr. Garcia's complaint consists of a single sentence stating that unidentified credit reporting prevented him from "obtaining loans and other financial services" and "access

---

[1] On September 15, 2016, Mr. Garcia filed a "motion to dismiss law firm." (9/15/16 Mot. (Dkt. # 28).) On the same date, Mr. Garcia sent a letter to the court requesting that Defendants be charged with obstruction of justice and conspiracy to impede a judicial proceeding. (9/15/16 Letter (Dkt. # 29).) On September 16, 2016, Mr. Garcia filed two documents that he styled as "motions to suppress" (1st 9/16/16 Mot. (Dkt. # 30); 2d 9/16/16 Mot. (Dkt. # 31)), a third document that he styled a "motion to establish gross negligence and incompetence" (3d 9/16/16 Mot. (Dkt. # 32)), and a fourth document that purports to recite "specific instances of excessive derogatory remarks in credit reports resulting in denial of credit" (9/16/16 Notice (Dkt. # 33)). Finally, on September 20, 2016, Mr. Garcia filed a document that he styled as a "motion to dismiss Mr. Aker's memorandum in support of dismissal of my case." (9/20/16 Mot. (Dkt. # 34).) Mr. Aker is counsel for Trans Union in this proceeding. (*See* Not. of App. (Dkt. # 19).)

to the monetary system." (Compl. at 2.) Mr. Garcia goes on to allege that these unidentified acts were done

> in order to force [him] into homelessness [sic] poverty [sic] malnutrition [sic] lack of hygiene [sic] despair [sic] frustration [sic] and harrowing circumstances designed to cause excessive psychological trauma and suicidal ideation [sic] which constitutes attempted murder [sic] discrimination.

(*Id.*) Mr. Garcia also accuses Defendants of "treason" and alleges the "loss of [his] leg because of [Defendants'] discriminatory malicious diabolical conspiracy against [him] and their satanic neo nazi scheme to deny access to the monetary system ." (*Id.* at 3.) He seeks the recovery of all of his medical bills and punitive damages in the amount of $200 million. (*Id.*)

On July 25, 2016, Defendants Trans Union and Equifax filed their motions to dismiss Mr. Garcia's complaint for failure to state a claim based on Federal Rule of Civil Procedure 12(b)(6). (*See* Trans Union Mot.; Equifax Mot.) The court now considers those motions and also considers the dismissal of Mr. Garcia's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as recommended by Magistrate Judge Donohue.

## III. ANALYSIS

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, the court is not bound to accept as true labels, conclusions, formulaic recitations of the elements of a cause of action, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court stated in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

A dismissal under Federal Rule of Civil Procedure 12(b)(6) can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In addition, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss an IFP complaint "at any time" if it is frivolous or fails to state a claim upon which relief can be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *see also* 28 U.S.C. § 1915A(b)(1). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or a delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33

[2] Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

(1992) ("A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Mr. Garcia appears to be attempting to plead a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Although the court must construe the pleadings of a *pro se* litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not pleaded, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In order to maintain a claim under the Fair Credit Reporting Act, Mr. Garcia must allege facts supporting the following elements:

> (i) the plaintiff's credit report contains inaccurate or incomplete information, *see* 15 U.S.C. Section 1681i(a)(l); (ii) the plaintiff notified the consumer reporting agency directly of the inaccurate or incomplete information, *see id*.; (iii) the plaintiff's dispute is not frivolous or irrelevant, *see* 15 U.S.C, Section 1681i(a)(3); and (iv) the consumer reporting agency failed to respond to the plaintiff's dispute with a reasonable reinvestigation, *see* 15 U.S.C. Section 1681i(a)(1), (2), (4), and (6).

*Bowers v. Experian Info. Sols., Inc*., No. CIVIL 08-1436-AC, 2009 WL 2136632, at *4 (D. Or. July 15, 2009) (listing the "required elements of a claim alleging violation [sic] 15 U.S.C. § 1681i"). Mr. Garcia's complaint is devoid of any facts that would support such a claim or give Defendants "fair notice" of Mr. Garcia's claim. *See Conley*, 355 U.S. at 47. Instead, Mr. Garcia's complaint consists solely of bizarre, fantastical, and delusional allegations. (*See generally* Compl.) Defendants cannot reasonably be required to respond to such a complaint. In essence, Mr. Garcia alleges that Defendants,

while in league with both the devil and the Nazis, conspired to destroy his access to credit in an effort to murder him. Mr. Garcia's allegations do not state a claim and are delusional and factually frivolous. Accordingly, the court GRANTS Defendants' motions and DISMISSES Mr. Garcia's complaint under 28 U.S.C. § 1915(e).

The court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). It is clear from the Mr. Garcia's complaint that the deficiencies therein cannot be cured by amendment. Further, Mr. Garcia's filings with the court in apparent response to Defendants' motions confirm the court's conclusion that he will be unable to cure the deficiencies in his complaint. (*See* Dkt. ## 27-34.)

Finally, pursuant to 28 U.S.C. § 1915(a)(3), the court CERTIFIES that any IFP appeal from this order would not be taken "in good faith." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous).

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Defendants' motions to dismiss (Dkt. ## 17, 18, 22) and DISMISSES Mr. Garcia's claims against them. The court also DISMISSES Mr. Garcia's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2). The court DENIES Mr. Garcia leave to amend his complaint. Finally,

pursuant to 28 U.S.C. § 1915(a)(3), the court CERTIFIES that any appeal from this order would not be taken in good faith.[3]

Dated this 26th day of September, 2016.

JAMES L. ROBART
United States District Judge

[3] Because the court dismisses Mr. Garcia's complaint without prejudice and without leave to amend, the court also DENIES as moot all remaining motions on the docket. (*See* Dkt. ## 28, 30-32, 34.)